## N. ENGLISH *v.* THE STATE.

1. ELECTION-LAW. — Sect. 21 of the "act regulating elections," approved August 23, 1876, is not obnoxious to art. 111, sect. 35, of the Constitution, which requires that an act shall not embrace more than one subject and that it be expressed in the title. Said sect. 21 relates to the closing of liquor-shops during the day of any election, by order of the judges of election, and also imposes penalties on vendors of liquors in violation of its prohibitions. These provisions were enacted to secure citizens in peaceable exercise of their right of suffrage, and cannot be deemed out of place in an act "regulating elections."

2. SAME. — The authority conferred on the judges of elections to close liquor-shops on election-days by no means implies that they, or any other officials, can legally permit such establishments to be kept open in disregard of the law. Such a permission would be nugatory, and proof of it is incompetent.

3. CONSTRUCTION OF STATUTES. — A general law of 1875 authorized any city in the State, "by a two-thirds vote of the city council of such city," to accept the provisions of the said general law in lieu of its then existing charter. *Held*, that a "two-thirds vote of the city council" signifies a two-thirds vote of a *quorum* of the council present and voting.

APPEAL from the County Court of Lamar. Tried below before the Hon. S. C. BRYSON, County Judge.

*F. W. Miner*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. It is contended that sect. 21 of "An act regulating elections," approved August 23, 1876 (Gen. Laws 1876, chap. 166), comes within the inhibition of art. 3, sect. 35, of our State Constitution, in that it embraces a subject not expressed in the title. This section relates to

the closing of liquor-shops on the day of any election for municipal, county, district, or State officers, and forbids the sale of liquor on any such day except by druggists on regular prescription, or by wholesale dealers for shipment beyond the limits of the county.

The purpose of the section is obvious. Contemplating the excitement incident to popular elections, and their tendency to beget affrays and disturbances of the peace, the Legislature wisely prescribed that on those days the citizen should not have indiscriminate access to places where intoxicating liquors were sold, but that such places should be closed and no sales of liquor be made except under certain guarded instructions. It may be said with safety that nothing is more essential to the fairness and purity of elections than that perfect peace and quiet should prevail in the vicinity of the polling-places, and that in the exercise of that right upon which rests our whole superstructure of government — Federal, State, and municipal — the citizen shall not be subjected to annoyance or intimidation from any source. It is one of the highest duties of the State to preserve the peace at elections, in order that the sovereign will may be duly expressed and registered ; and any provision of law having for its object the subservience of this end certainly cannot be out of place in an act regulating elections. The exception to the indictment on this ground was properly overruled.

It is hardly necessary to say that, under the section referred to, no officer — State, county, or municipal — is invested with authority to grant permission to any one for the sale of liquors on any day of election. It is true, judges of election may require sheriffs, constables, or special constables to close up any establishment for the sale of liquor, but this by no means implies that such establishments may keep open until closed by one of these officers. The law imperatively requires that such establishments shall be kept closed upon election-days, and so imperative are its behests

that it does not content itself with the infliction of penalties for a disregard of its mandates, as in ordinary offences, but authorizes judges of election to use the officers of the county, and, if necessary, the power of the county, to summarily close such establishments, even though the owner may disregard the law and wilfully subject himself to the penalty. The evidence offered by appellant tending to show the consent of the mayor of Paris that appellant should keep open his saloon on the day of election, and for which he stands indicted, was properly rejected by the court below.

It is argued that the evidence discloses that the city of Paris, the place where the intoxicating liquor was sold during the day of election for municipal officers, had abandoned its charter granted by the special act of 1870, and had failed to organize under the general law according to its provisions (Gen. Laws 1875, chap. 100), and therefore did not constitute a municipal corporation of this State on the second day of April, 1878, the day on which the liquor was alleged to have been sold. The argument is based upon the certified copy of the municipal journal, filed and recorded in the office of the county clerk of Lamar County in pursuance of the provisions of sect. 1 of the act last cited, which shows that in the municipal council, upon a proposition to abandon the special charter of the city and to organize under the general law, four aldermen voted in the affirmative and two in the negative. It is now contended that under the original special charter of 1870 the city council was composed of the mayor and six aldermen, and that the record discloses that two-thirds of the council failed to vote affirmatively upon the proposition.

Waiving a discussion of the right of appellant to raise that issue in this prosecution, or the right and duty of this court to take judicial notice of the municipal subdivisions of the State, it will suffice for the proper disposition of the question to say that sect. 1 of the act of March 15,

1875, does not require an affirmative two-thirds vote of all the members elected to a city council to perfect its organization under the general law, but only a two-thirds vote of the council. The general current of authorities hold this to signify a two-thirds vote of a quorum, present and voting. Cooley's Const. Lim. 141. The record before us shows the adoption of the proposition by a two-thirds vote of the city council, present and voting.

There is no error in the judgment, and it is affirmed.

*Affirmed.*